UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------x
DANITA McDANIEL,                              :
                                              :    CASE NO.: 2:25-cv-00543
       Plaintiff,                        :
                                              :
vs.                                           :    Judge: Carl J. Barbier
                                              :
OCHSNER CLINIC FOUNDATION,                    :    Magistrate: Michael B. North
                                              :
       Defendant.                        :
------------------------------------------------------x

## AMENDED COMPLAINT

Plaintiff, DANITA McDANIEL, by and through her undersigned counsel, hereby files this Amended Complaint and sues OCHSNER CLINIC FOUNDATION (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, DANITA McDANIEL, (hereinafter referred to as "MS. McDANIEL"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MS. MCDANIEL is a qualified individual with a disability under the ADA and the LCHR. MS. MCDANIEL suffers from a left hip deformity and a deteriorated hip. As such, MS. McDANIEL is unable to walk and requires a wheelchair to ambulate.

6. Due to her disability, MS. MCDANIEL is substantially impaired in several major life activities.

7. Upon information and belief, OCHSNER CLINIC FOUNDATION, a Louisiana non-profit corporation doing business in Orleans Parish, is the owner and operator of the facility, which is the subject of this action, to wit: Ochsner Baptist, located at 2700 Napoleon Ave, New Orleans, LA 70115 (hereinafter referred to as "Ochsner Baptist").

8. Upon information and belief, OCHSNER CLINIC FOUNDATION, a Louisiana non-profit corporation doing business in Orleans Parish, is the owner and operator of a second facility, which is also the subject of this action, to wit: Ochsner Hospital for Orthopedics & Sports Medicine, 1201 S Clearview Pkwy, Jefferson, LA 70121 (hereinafter referred to as "Ochsner Orthopedics").

9. Together, Ochsner Baptist and Ochsner Orthopedics are referred to as the "Properties at Issue."

10. Upon information and belief, the Properties at Issue are medical facilities.

11. MS. MCDANIEL has visited the Ochsner Baptist to go to the urogynecologist.

12. DEFENDANT is obligated to comply with the ADA and the LCHR.

13. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish or Jefferson Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14. MS. MCDANIEL realleges and reavers the above Paragraphs as if they were expressly restated herein.

### As to Ochsner Baptist

15. Ochsner Baptist is a place of public accommodation, subject to the ADA, generally located at: 2700 Napoleon Ave, New Orleans, LA 70115.

16. Upon information and belief, MS. McDANIEL has visited the Ochsner Baptist and desires to visit the Property again in the future.

17. Upon information and belief, MS. McDANIEL's most recent visit to Ochsner Baptist prior to filing her original Complaint was in January of 2025.

18. MS. McDANIEL visits the Ochsner Baptist every few months to obtain treatment from her specialist.

19. During prior visits to Ochsner Baptist, MS. McDANIEL had difficulty accessing using the restrooms at Ochsner Baptist because of the barriers alleged herein.

20. MS. McDANIEL continues to desire to visit Ochsner Baptist but will continue to experience serious difficulty due to the barriers alleged herein.

21. MS. McDANIEL lives within close geographic proximity of Ochsner Baptist.

22. MS. McDANIEL plans on returning to the Ochsner Baptist for her doctor's appointments, but fears that she will encounter the same barriers to access which are the subject of this

action.

23. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MS. MCDANIEL due to, but not limited to, the following violations which exist at Ochsner Baptist:

   I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

   A. In the restroom on the Fourth Floor that is used for the collection of urine in the urologist office, MS. McDANIEL used the toilet and security was called to get MS. McDANIEL off the toilet. At that time, she realized that the toilet was too low, and the handrails were too high.

   B. In many of the restrooms at Ochsner Baptist, Ms. McDANIEL has experienced trash cans that are placed in the accessible route or the reach range area for sinks, paper towel dispensers, and/or the soap dispenser.

   C. On the second floor, at the woman's restroom, the designated wheelchair accessible stall is too narrow.

   D. At McFarland, at the woman's restroom, the designated wheelchair accessible stall is too narrow.

   E. At McFarland, at the woman's restroom, there is insufficient maneuvering clearing at the latch approach to the restroom door.

   F. At McFarland, at the woman's restroom, 60 inches of clear turning

        radius is not provided at the end of the bank of water closets and sinks. In the alternative, sufficient passing space along the accessible route is not provided.

    G.    At McFarland, on the fourth floor, at the woman's restroom, upon information and belief, the paper towel dispenser is mounted too high off the finished floor.

    H.    At McFarland, on the fourth floor, at the woman's restroom, there are sinks without insulated pipes.

    I.    At McFarland, on the fourth floor, at the woman's restroom, 60 inches of clear turning radius is not provided at the end of the bank of water closets and sinks. In the alternative, sufficient passing space along the accessible route is not provided.

    J.    Other mobility-related ADA barriers to be identified following a complete inspection.

24.    Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

25.    Upon information and belief, removal of the discriminatory barriers to access located on the Ochsner Baptist is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

26.    Upon information and belief, removal of the barriers to access located at Ochsner Baptist would provide MS. MCDANIEL with an equal opportunity to participate in, or benefit

from, the goods, services, and accommodations which are offered to the general public at Ochsner Baptist.

## As to Ochsner Orthopedics

27. Ochsner Orthopedics is a place of public accommodation, subject to the ADA, generally located at: 1201 S Clearview Pkwy, Jefferson, LA 70121

28. Upon information and belief, MS. McDANIEL has visited the Ochsner Orthopedics and desires to visit Ochsner Orthopedics again in the future.

29. MS. McDANIEL was visiting Ochsner Orthopedics approximately every two weeks from April 1, 2025 until late May 2025.

30. In May of 2025, MS. McDANIEL visited on May 1st, May 13th, and May 27th.

31. MS. McDANIEL visited Ochsner Orthopedics for physical therapy and occupational therapy.

32. Upon information and belief, MS. McDANIEL visited the Ochsner Orthopedics building in 2024 for lymphedema therapy.

33. During one or more of her visits to Ochsner Orthopedics in 2025, MS. McDANIEL had difficulty using the restrooms at Ochsner Baptist because of the barriers alleged herein.

34. MS. McDANIEL continues to desire to visit Ochsner Orthopedics but will continue to experience serious difficulty due to the barriers alleged herein.

35. MS. McDANIEL lives within close geographic proximity Ochsner Orthopedics.

36. MS. McDANIEL plans on returning to the Ochsner Orthopedics for physical therapy and occupational therapy and if she needs further lymphedema therapy, but fears that she will encounter the same barriers to access which are the subject of this action.

37. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MS. MCDANIEL due to, but not limited to, the following violations which exist at Ochsner Orthopedics:

   I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

   A. There were impermissibly high thresholds leading into the restrooms.

   B. The toilet rooms were improperly sized.

   C. Other mobility-related ADA barriers to be identified following a complete inspection.

38. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

39. Upon information and belief, removal of the discriminatory barriers to access located at Ochsner Orthopedics is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

40. Upon information and belief, removal of the barriers to access located at Ochsner Orthopedics would provide MS. MCDANIEL with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at Ochsner Orthopedics.

### As to Both Properties

41. MS. MCDANIEL has been obligated to retain the undersigned counsel for the filing and

prosecution of this action. MS. MCDANIEL is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

42. MS. MCDANIEL repeats and realleges all preceding paragraphs in support of this claim.

43. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANTS.

44. At all times relevant to this action, MS. MCDANIEL has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for her primary means of mobility, and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

45. At all times relevant to this action, DEFENDANT'S properties of Ochsner Baptist and Ochsner Orthopedics have qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

46. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

47. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

48. DEFENDANT discriminated against MS. MCDANIEL, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at Ochsner Baptist and Ochsner Orthopedics due to many of the architectural barriers discussed in this pleading.

49. MS. MCDANIEL deems herself injured by DEFENDANT'S discrimination and sues under the LCHR to recover compensatory damages for the injuries and loss she sustained as a result of DEFENDANT'S discriminatory conduct and deliberate indifference as alleged herein above.

50. MS. MCDANIEL is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MS. MCDANIEL demands judgment against DEFENDANT, and requests the following injunctive relief, damages, and declaratory relief:

A. That this Court declare that Ochsner Baptist and Ochsner Orthopedics, owned and/or operated by DEFENDANT, are in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANT to alter Ochsner Baptist and Ochsner Orthopedics to make said facilities accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C.  That this Court award damages to MS. MCDANIEL pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANT in violation of the LCHR;

D.  That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. MCDANIEL pursuant to the ADA and the LCHR; and

E.  That this Court award such other and further relief as it deems necessary, just and proper.

Dated: September 17, 2025

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

*/s/ Garret S. DeReus*

ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
EVA M. KALIKOFF (LA #39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
        gdereus@bizerlaw.com
        eva@bizerlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record on September 17, 2025, by ECF filing.

By: */s/ Garret S. DeReus*
    **GARRET S. DEREUS**